David Anaise MD JD
177 North Church Avenue Suite 883
Tucson AZ 85701
Phone: 520-882-3622
Arizona State Bar No. 019653
Email: danaise2002@yahoo.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret McClintic,<br>　　　　Plaintiff,<br>　vs.<br>Zions Bancorporation (National Bank of AZ),<br>and<br>Unum Life Insurance Company of America<br>　　　　Defendants. | Case No.: _____<br><br>COMPLAINT |

For her claim against Defendants, Plaintiff, Mrs. Margaret McClintic, alleges as follows:

## **JURISDICTION AND VENUE**

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. Plaintiff, Mrs. Margaret McClintic, ("Mrs. McClintic"), is a resident of Pima County, Arizona and a former employee of National Bank of AZ, a subsidiary of Zions Bancorporation (a Utah-based multibank holding company) ("employer" or "ZIONS").

3. Defendant, ZIONS and through its subsidiary, National Bank of AZ, is the policyholder, plan sponsor and plan administrator of the employee welfare benefit plan providing disability benefits.

4. Defendant, Unum Life Insurance Company of America, ("UNUM"), has been acting as the claim administrator for the relevant policy of insurance.

5. Defendant, UNUM, is the underwriter for the relevant policy of insurance.

6. ZIONS's Long-Term Disability Plan ("the Plan") is a purported ERISA benefit plan established and maintained by Policyholder for the benefit of its employees. The Plan offered various health and welfare benefits including long-term disability benefits.

7. The Plan is part of a purported ERISA employee welfare plan, established, funded, and maintained by employer and administered by ZIONS, and UNUM.

8. UNUM is a Plan Fiduciary as defined by ERISA.

9. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. §1132, and because the Plan and UNUM have caused events to occur in Arizona out of which Mrs. McClintic's claims arise.

10. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §1132(a), (e), 28 U.S.C. §1331 (federal question); and 28 U.S.C. §2201-02 (declaratory judgments).

11. Venue is proper in this District by virtue of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

12. Employer provided certain employees with long-term disability insurance pursuant to the Plan.

13. At all relevant times, Mrs. McClintic, was a ZIONS employee, became a covered individual under the Plan, and remained continuously employed.

14. Mrs. McClintic qualified for the Long Term Disability Benefits under the Plan.

15. Under the terms of the Plan, UNUM promises and becomes obligated to pay covered long-term disability insurance benefits to Mrs. McClintic for 24 months if, due to

sickness or injury, she is limited from performing the material and substantial duties of her regular occupation, and if she has 20% or more loss in her indexed monthly earnings due to the same sickness of injury.

16. After 24 months, the Plan promises and becomes obligated to pay covered Long-Term Disability benefits to Mrs. McClintic, if, due to the same sickness or injury, she is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience.

17. Prior to becoming disabled, Mrs. McClintic was a bank vice president (title: Vice President, Business Banking-Relationship Manager).

18. On April 28, 2008, Mrs. McClintic became disabled and was unable to perform the duties of her occupation as a bank vice president. UNUM approved Mrs. McClintic's application for Long-Term Disability Insurance Benefits on August 14, 2008.

19. Mrs. McClintic suffers from severe degenerative joint disease of the cervical spine, which prevents her from being able to perform the material and substantial duties of her regular occupation, or any other occupation for which she is suited based upon her education, training, or experience.

20. Mrs. McClintic continues to be totally disabled as defined by the Plan.

21. UNUM terminated Mrs. McClintic's long-term disability benefits on or about December 18, 2009.

22. The contract between defendants and Ms. Mrs. McClintic requires defendants to pay Ms. Mrs. McClintic disability benefits, if she is unable to do her job as the vice president of a bank.

23. The Department of Labor official publication, O*NET, provides the following job description for 11-1011.00 - Chief Executives, jobs which require a high degree of cognitive ability:

- Direct and coordinate an organization's financial and budget activities to fund operations, maximize investments, and increase efficiency.
- Confer with board members, organization officials, and staff members to discuss issues, coordinate activities, and resolve problems.
- Analyze operations to evaluate performance of a company and its staff in meeting objectives, and to determine areas of potential cost reduction, program improvement, or policy change.
- Direct, plan, and implement policies, objectives, and activities of organizations or businesses to ensure continuing operations, to maximize returns on investments, and to increase productivity.
- Prepare budgets for approval, including those for funding and implementation of programs.
- Direct and coordinate activities of businesses or departments concerned with production, pricing, sales, or distribution of products.
- Negotiate or approve contracts and agreements with suppliers, distributors, federal and state agencies, and other organizational entities.

24. Mrs. McClintic's treating physicians have placed restrictions and limitations upon her capacities as follows:

> 5/9/08: Dr. Sanan, neurosurgery — "She feels that surgery might be avoided altogether if she could change professions, specifically into a profession that does not require repeated neck maneuvers."
>
> 1/26/09: Dr. Kahn, chiropractor — May sit and stand two hours, walk one hour intermittently. May never climb or operate heavy machinery. May occasionally twist, bend stoop and reach above shoulder level. May use hands for fine finger movements and hand/eye coordinated movements occasionally, never for pushing/pulling. Restrictions are repeated sitting and computer postures aggravate patient's neck and upper back.
>
> 3/2/09 (*faxed date):* Dr. Jalowsky, family practice — Restrictions: Prolonged sitting, standing aggravates, may sit two hours, stand one hour and walk two hours continuously. May never climb; may occasional twist, bend, stoop and reach above shoulder level; may never operate heavy machinery. May occasionally lift up to 10 pounds, occasionally use hands for fine finger movements, hand/eye coordinated movements and never for pushing or pulling.

- 4 -

> 8/25/09: Dr. Walter, PM&R — Does not agree that Mrs. McClintic can perform the duties of business banking relationship manager. Based on history, she needs to change position every 30 minutes and could not lift. Current diagnosis: cervical degenerative changes, left C4 radiculopathy, myofascial pain.
>
> 8/25/09: Dr. Rahn — Does not agree that Mrs. McClintic can return to work as a business banking relationship manager. Restrictions are to avoid repetitive sitting, computer/desk work, prolonged neck flexion should be avoided.
>
> 8/26/09: Dr. Noland, neurology — Does not agree that Mrs. McClintic can work as a business banking relationship manager. Restrictions: No lifting greater than five pounds, periodic 5—10 minutes breaks every hour as needed. Diagnosis is spasmodic torticollis.
>
> 9/22/09: Dr. Baldwin, neurosurgery — Does not agree that Mrs. McClintic can return to work as a business banking relationship manager. Cannot sit or stand for longer than one hour at a time. Cannot lift. No bending or reaching.

25. The functional capacity assessment relied on by UNUM does not measure Mrs. McClintic's cognitive limitations.

26. The surveillance tape shows that Mrs. McClintic can walk at a slow, leisurely pace on a level paved road for less than 1 hour, drive a short distance, perform light shopping, place small items in the trunk of a car, and go to a restaurant with her friend. Performance of these simple tasks does not shed any light on Mrs. McClintic's ability to perform her job as a vice president of a bank.

27. Dr. John Beck, a neuropsychologist, examined Mrs. McClintic on June 4, 2010, and performed a series of cognitive tests designed to measure her ability to perform cognitive functions of high complexity. Dr. Beck concluded:

> "On neuropsychological exam, the examinee demonstrated objective moderate to severe deficits in diffuse brain function.

> The examinee clearly seems unable to return to work at this juncture. Limitations would include any type of new learning, difficulty with sustained concentration and attention, problems with planning and thinking."

28. Mrs. McClintic has been awarded Social Security Disability Insurance benefits.

29. UNUM's denial was erroneous, contrary to and in breach of the terms of coverage, and was based on erroneous information and false assumptions. The denial was based upon an incomplete, biased record, directed, and steered by UNUM's own claims process, without basis in objective research, fact, or analysis. UNUM placed its financial interests ahead of Mrs. McClintic's interests.

30. Mrs. McClintic has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

31. On information and belief, Mrs. McClintic, may be entitled to additional benefits from ZIONS as a disabled employee including, but not limited to, health insurance, life insurance, and retirement/pension credits.

## COUNT I

### RECOVERY OF INSURANCE AND PLAN BENEFITS

32. Mrs. McClintic incorporates and re-alleges all previous allegations.

33. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 5 U.S.C. § 1002. Defendants are administrators and fiduciaries of said Plan under the provisions of ERISA.

34. UNUM and the Plan offer long-term disability coverage and a promise to provide long-term disability benefits until, Mrs. McClintic is no longer disabled under the terms of the Plan.

35. Mrs. McClintic became disabled on July 8, 2008, continues to be disabled, is unable to perform the duties of her occupation or any other gainful occupation under the terms of the LTD Plan, and has claimed the benefits under the LTD Plan to which she is entitled.

36. Mrs. McClintic reasonably expected that her conditions met the requirements of Total Disability as defined by the LTD Plan.

37. Despite the coverage of Mrs. McClintic's long-term disability, UNUM has improperly denied long-term disability benefits to Mrs. McClintic in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

38. UNUM's determination that Mrs. McClintic was not entitled to benefits was influenced by an improper conflict of interest.

39. Mrs. McClintic has exhausted her administrative remedies.

40. The validity of a claim to benefits under an ERISA plan is reviewed under a de novo standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. If the Plan gives the administrator or fiduciary this discretionary authority, the courts review a denial of benefits for abuse of discretion.

41. A fiduciary's "conflict of interest" is a "factor in determining whether there is an abuse of discretion." *Saffon v. Wells Fargo & Company Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir.2008) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)) (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)).

42. "Consequently, where the Plan grants the plan administrator discretionary authority, it is

only the first step in determining the standard by which the Court reviews its denial of benefits." *Id*. The degree of deference to accord varies significantly, depending on whether or not the plan administrator labored under a conflict of interest. *Id.*

43. The Ninth Circuit recognizes that there is an "inherent conflict that exists when a plan administrator both administers the plan and funds it." *Id*. (citing *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006) (en banc)).  Whether or not the plan administrator labored under a conflict of interest is not contained in the administrative records and requires discovery prior to the parties filing for motion for summary judgment.

44. Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C.§ 1132(a)(I)(B), and to applicable federal and state common law, Mrs. McClintic is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce her rights under the terms of the LTD Plan.  Mrs. McClintic is further entitled, under the terms of ERISA, 29 U.S.C. § I 132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the LTD Plan.

45. Mrs. McClintic is entitled to reinstatement of any other employee benefits, which were terminated, discontinued, or suspended as a result of the termination of her disability benefits.

46. Pursuant to 29 U.S.C. § 1132(g), Mrs. McClintic is entitled to recover her attorney's fees and costs incurred herein from UNUM, ZIONS, and the LTD Plan.

47. Mrs. McClintic is entitled to prejudgment interest on the benefits to which she is entitled, and on her damages at the highest legal rate until paid.

WHEREFORE, Mrs. McClintic prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due Mrs. McClintic under the terms of the LTD Plan;

B. Enforcing Mrs. McClintic's rights under the terms of the LTD Plan;

C. Clarifying and determining Mrs. McClintic's rights to future benefits under the terms of the LTD Plan;

D. For an award of Mrs. McClintic's attorney's fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such, other and further relief as the Court deems just and reasonable.

WHEREFORE Plaintiff, Mrs. McClintic, prays for relief from Defendants for the payment of disability benefits, plus attorney's fees and costs and any other such further relief, as the Court deems proper.

RESPECTFULLY SUBMITTED  February 23, 2012.

By   s/DAnaise

David Anaise, M.D., J.D.
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. Courtesy copy to be delivered on or about February 27, 2012, to:

United States District Court, District of Arizona
405 W. Congress, Suite 1500
Tucson, AZ 85701-2417

Copy of the foregoing to be served via process server on the following with the summons (when issued):

Zions Bancorporation (National Bank of Arizona)
Through:
Diana Andersen, SVP Corporate Benefits Director
Zions Benefits Resource Center
One South Main Street Suite 600
Salt Lake City UT 84133-1109

And

Unum Life Insurance Co. of America
Through:
Arizona Department of Insurance
2910 North 44th Street 2nd Floor
Phoenix AZ 85018


s/ Pamela Moore de Gamboa
Asst. to Atty. David Anaise


G:\clientsP\McClintic, Margaret\McClintic complaint - final 2-23-12.docx