**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARGARET MCCLINTIC,  )<br>          )<br>     Plaintiff,   )<br>          )<br>vs.         )<br>          )<br>ZIONS BANCORPORATION   )<br>(NATIONAL BANK OF AZ) AND  )<br>UNUM LIFE INSURANCE COMPANY)<br>OF AMERICA,      )<br>          )<br>     Defendants.   )<br>_____) | No. CIV 12-128-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Leave to Conduct Limited Discovery and Motion for Extension of Time to File Plaintiff's Opening Brief (Doc. 26), Plaintiff's Motion to Compel Submission of Searchable Documents and Statement of Facts and Motion to Extend Time for Plaintiff to Answer Defendant's Motion for Judgment on Administrative Record (Doc. 30), Plaintiff's Motion for Leave to File Excess Pages (Doc. 32), and Motion to Strike Evidence Outside Administrative Record (Doc. 34).[1] The Court finds resolution of the issues appropriate without oral argument.

*Procedural Background*

Plaintiff Margaret McClintic ("McClintic") filed an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq., on February 23, 2012, asserting that she was incorrectly denied benefits from the Zions

---

[1] Also pending before the Court is Defendants' Motion for Judgment on the Administrative Record (Doc. 28). This motion will be addressed separately pending the completion of briefing.

1  Bancorporation LTD Plan ("the Plan").  Defendants Zions Bancorporation and Unum Life
2  Insurance Company of America ("Unum") filed an Answer on April 4, 2012.

3  Stating that judicial review in ERISA cases is generally limited to administrative
4  record, the Court set a briefing schedule on the Administrative Record; the Court advised the
5  parties, however, that they could seek discovery if appropriate.  Defendants submitted the
6  Administrative Record on June 1, 2012.

7  On June 14, 2012, McClintic filed a Motion for Leave to Conduct Limited Discovery
8  and Motion for Extension of Time to File Plaintiff's Opening Brief.  McClintic requested oral
9  argument.  A response and a reply have been filed.  Plaintiff has also filed a Motion to
10 Compel Submission of Searchable Documents and Statement of Facts and Motion to Extend
11 Time for Plaintiff to Answer Defendant's Motion for Judgment on Administrative Record.
12 A response has been filed.

13 On July 2, 2012, Defendants filed a Motion for Judgment on the Administrative
14 Record.  McClintic has filed a Response and an Opening Brief.

15 McClintic has also requested leave to file excess pages.  Defendants have also filed
16 a Motion to Strike Evidence Outside Administrative Record.

17

18 *ERISA – Discovery*

19 A court reviewing a denial of benefits generally applies an abuse of discretion
20 standard.  *Firestone Tire & Rubber Co. V. Bruch*, 489 U.S. 101, 115 (1989).  Under an abuse
21 of discretion standard, the claim administrator's determination will not be disturbed if
22 reasonable.  *Conkright v. Frommert*, 130 S.Ct. 1640, 1651 (2010).  "This reasonableness
23 standard requires deference to the administrator's benefits decision unless it is '(1) illogical,
24 (2) implausible, or (3) without support in inferences that may be drawn from the facts in the
25 record.'"  *Stephan v. Unum Life Ins. Co. of America*, 697 F.3d 917, 929 (9th Cir. 2012),
26 *quoting Salomaa*, 642 F.3d at 676, *internal quotation marks omitted*.  Further, in most
27 ERISA cases, judicial review is limited to the administrative record.  1 Ann.2004 ATLA-
28
- 2 -

CLE 459 (2004); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999).

However, the existence of a conflict of interest may affect the degree of juridical deference. *Firestone*, 489 U.S. at 155.[2] Where an administrator acts as both the funding source and the administrator, that administrator operates under a "structural" conflict of interest. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006). The Supreme Court has held that where a structural conflict of interest exists, a court is still required to apply the governing deferential review standard, but the court is also required to consider the structural conflict as one of several factors in determining whether the benefit denial was arbitrary and capricious. *Id*. at 116. The Ninth Circuit has stated:

> The weight of this factor depends upon the likelihood that the conflict impacted the administrator's decisionmaking. Where, for example, an insurer has "taken active steps to reduce potential bias and to promote accuracy," the conflict may be given minimal weight in reviewing the insurer's benefits decisions. [*Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 117 (2008)]. In contrast, where "circumstances suggest a higher likelihood that [the conflict] affected the benefits decision," the conflict "should prove more important (perhaps of great importance)." *Id*.

*Stephan*, 697 F.3d at 929.[3]

In this case, Unum is the claims administrator of the Plan, but not the funding source for the Plan benefits. In other words, there is no structural conflict of interest in this case. *See Abatie*, 458 F.3d at 965. However, an actual conflict of interest is to be considered even under the abuse of discretion standard. The Court, therefore, has the discretion to consider evidence outside the record for the limited purpose of evaluating the nature, extent, and effect

---

[2] A "district court may review only the administrative record when considering whether the plan administrator abused its discretion, but may admit additional evidence on de novo review." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d at 970.

[3] Other factors that affect the reasonableness of a plan administrator's denial of benefits include "the quality and quantity of the medical evidence, whether the plan administrator subjected the claimant to an in-person medical evaluation or relied instead on a paper review of the claimant's existing medical records, whether the administrator provided its independent experts 'with all of the relevant evidence[,]' and whether the administrator considered a contrary SSA disability determination, if any." *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009).

1  on the decision-making process of any conflict of interest. *Abatie*, 458 F.3d at 970, *citing*
2  *Doe v. Travelers Ins. Co.*, 167 F.3d 53, 57 (1st Cir. 1999).

3  McClintic requests the Court to permit her to request answers to three interrogatories
4  regarding McClintic's job title, the completeness of the surveillance on McClintic, and the
5  IME performed by Dr. Zimmerman. McClintic does not set forth any connection regarding
6  these areas of inquiry to any alleged conflict of interest. The Court finds it is not appropriate
7  to permit discovery into these areas.

8  McClintic also requests that rebuttal opinions presented after the final decision of
9  Defendants on October 22, 2010 be considered. Specifically, McClintic asserts that
10 documentation from Dr. John Beck, submitted to Defendants four and one half months after
11 the final decision, is the sole basis for the evaluation of McClintic's cognitive ability and her
12 ability to work as a bank vice president. McClintic also submitted a report prepared by Dr.
13 David Wayne Smith approximately one year after the final decision. McClintic does not
14 clarify what discovery she believes to be appropriate regarding this documentation. To any
15 extent that McClintic is seeking discovery regarding this documentation, the request is
16 denied.

17 Alternatively, McClintic requests that if the Court does not consider the evidence on
18 the merits, she requests the evidence be considered as to Defendants' bias and failure to meet
19 its obligation for full and fair review. *Salomaa v. Honda Long Term Disability Plan*, (9th
20 Cir. 2001). McClintic does not dispute Defendants' assertion that Dr. Beck's information
21 was submitted to Defendants four and one half months after the final decision and that Dr.
22 Smith's information was submitted one year after the final decision. Further, McClintic does
23 not dispute the Defendants informed Plaintiff that the administrative record was closed and
24 the information would not be considered. Additionally, McClintic does not present any basis
25 to conclude that this evidence addresses any conflict of interest. Although McClintic argues
26 this evidence should be considered in determining whether Defendant was biased and failed
27 to provide and a full and fair review, no evidence has been presented that this evidence was

28

before Defendants during the time for the initial review or the review on appeal. *See e.g., Alford v. DCH Foundation Group Long-Term Disability Plan*, 311 F.3d 955 (9th Cir. 2002) (permitting court to consider evidence not included in administrative record may lead to conclusion that administrator abused its discretion by failing to consider evidence not before it). Nonetheless, to the extent the parties demonstrate in their briefs that such evidence was before Defendants, the Court may consider this evidence.

McClintic also requests this Court to permit discovery (e.g., amount of compensation, qualifications, historical relationship with Unum) regarding Dr. Jana Zimmerman. Indeed, allowing discovery to show a conflict of interest based on a consultant's relationship to an insurance company may be appropriate. *See Frost v. Metropolitan Life Ins. Co.*, 414 F.Supp.2d 961, 964-65 (C.D.Cal. 2006); *but see Abromitis*. However, McClintic has not disputed Defendants' assertion that:

> . . . Dr. Zimmerman is a full-time psychological consultant (employee) for Unum. She does not conduct IME's and she is not now engaged in private practice. As a consultant, she does not make claims decisions. Rather, she reviews medical information and provides explanations to the claims professionals responsible for the claims decision. Here, she was not involved in the original claim. She was consulted on the appeal after Plaintiff's counsel submitted reports from two consultants he hired. Dr. Zimmerman provided advice to the appeals specialist (Karen Connolly). She did not make the decision to uphold the appeal.

Response, Doc. 27, p. 5. McClintic has not pointed to any authority that permits discovery, or consideration of evidence, regarding an insurance company's internal medical professionals. There is no evidence before the Court that Dr. Zimmerman was a consulting expert hired to provide a favorable opinion. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) ("treating physician rule" has no application in ERISA cases; plan administrators are not required to accord special deference to the opinions of treating physicians; "we [do not] question the Court of Appeals' concern that physicians repeatedly retained by benefits plans may have an incentive to make a finding of 'not disabled' in order to save their employers money and to preserve their own consulting arrangements"); *see also Abromitis v. Continental Cas. Co./CNA Ins. Companies*, 261

1  F.Supp. 2d 388, 391 (W.D.N.C. 2003) ("judges are not oblivious to the influence wielded by
2  companies who can afford to provide large amounts of business to consultants who render
3  opinions in their favor").  The Court does not find this discovery or consideration of this
4  evidence to be appropriate.

*Motion to Compel Submission of Searchable Documents and Statement of Facts*

McClintic requests the Court order Defendants to provide the administrative record as a searchable document. The applicable rules states that parties must produce electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms[.]"  Fed.R.Civ.P. 34(b)(2)(E)(ii). The applicable local procedure provides:

> .pdf refers to Portable Document Format, a proprietary file format developed by Adobe Systems, Inc. A document file created with a word processor, or a paper document which has been scanned, must be converted to Portable Document Format to be electronically filed with the court. Converted files contain the extension ".pdf". Documents which exist only in paper form may be scanned into .pdf for electronic filing. Electronic documents must be converted to .pdf directly from a word processing program (e.g., Microsoft Word® or Corel WordPerfect®) and must be text searchable.

ECF Administrative Policies and Procedures Manual § I.A, *emphasis added*.  The text searchable portion of the Policy appears to apply to those documents converted from a word processing program.

In their response, Defendants assert that after McClintic filed her Motion to Compel, Defendants provided a text searchable .pdf of the administrative record.  The Court finds a text searchable .pdf complies with Fed.R.Civ.P. 34 and the local policy.  To the extent McClintic is seeking a document that may be searched by Word, the Court will deny the request.

McClintic also requests the Court order Defendants provide a Statement of Facts for their Motion for Judgment on the Administrative Record.  Defendants point out that this is not a summary judgment proceeding (i.e., the Court does not decide if there is a material fact

1  in dispute, but reviews Defendants' decision to deny benefits) and their motion cites to the
2  long-term disability plan and the administrative record. *See e.g. Bendixen v. Standard Ins.*
3  *Co.*, 185 F.3d 939, 942, 944 (9th Cir.1999) (ERISA motions are sometimes imprecisely
4  labeled as summary judgment motions). However, because *Abatie v. Alta Health & Life Ins.*
5  *Co.*, 458 F.3d 955 (9thCir. 2006), "requires a district court to consider the precise contours
6  of the abuse of discretion standard in every case before determining whether the applicable
7  standard was violated[,]" items outside an administrative record may be considered. *Nolan*
8  *v. Heald College*, 551 F.3d 1148, 1154 (9th Cir. 2009).

9  Nonetheless, the pending motion is not a motion for "summary judgment." The Court
10 declines to require Defendants to submit a Statement of Facts.

11 However, as to what documents are required to be provided to the Court, an applicable
12 provision states:

> A paper courtesy copy of an electronically filed document must be submitted directly to the assigned judge for certain document types, as follows:
>
> g.   documents exceeding 10 pages in length, including exhibits and attachments.

16 ECF Policies and Procedures Manual § II.D.3. Defendants have not provided the Court with
17 hard copies of either the Administrative Record (Docs. 13-25) or their Motion for Judgment
18 on the Administrative Record (Doc. 28) and McClintic has not provided the Court with a
19 hard copy of her Response to Defendant's Motion for Judgment on the Administrative
20 Record and Plaintiff's Opening Brief (Doc. 33). The Court will direct the parties to comply
21 with this provision of the Manual.

*Motion for Extension of Time to File Plaintiff's Opening Brief, Motion to Extend Time for Plaintiff to Answer Defendant's Motion for Judgment on Administrative Record, and Motion for Leave to Exceed Page Limitations*

25 McClintic has lodged her Response and Opening Brief (Doc. 33). The Court will
26 grant these pending motions and accept McClintic's filing. The Court will direct the Clerk
27 of Court to file the document. *See* ECF Policies and Procedures Manual § II.H.

*Motion to Strike Evidence Outside Administrative Record*

Because a district court is to consider the precise contours of the abuse of discretion standard in every case, *Nolan*, 551 F.3d at 1154, the Court declines to grant this request in its entirety. However, as McClintic does not object to the excision of part of Dr. David Smith's letter, the Court will not consider this evidence.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Leave to Conduct Limited Discovery and Motion for Extension of Time to File Plaintiff's Opening Brief (Doc. 26) is GRANTED IN PART AND DENIED IN PART.

2. Plaintiff's Motion to Compel Submission of Searchable Documents and Statement of Facts and Motion to Extend Time for Plaintiff to Answer Defendant's Motion for Judgment on Administrative Record (Doc. 30) is GRANTED IN PART AND DENIED IN PART.

3. Plaintiff's Motion for Leave to File Excess Pages (Doc. 32) is GRANTED.

4. Defendants' Motion to Strike Evidence Outside Administrative Record (Doc. 34) is GRANTED IN PART AND DENIED IN PART.

5. The Clerk of Court shall file the Response and Opening Brief (Doc. 33).

6. Defendants shall provide the Court with hard copies of the Administrative Record (Docs. 13-25) and their Motion for Judgment on the Administrative Record (Doc. 28) and McClintic shall provide the Court with a hard copy of her Response to Defendant's Motion for Judgment on the Administrative Record and Plaintiff's Opening Brief (Doc. 33) within 14 days of the date of this Order.

DATED this 12th day of September, 2013.

_____
Cindy K. Jorgenson
United States District Judge